# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| KELSEY D. THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:17-cv-386 (MTT) |
| ) | |
| HOUSTON HEALTHCARE SYSTEM ) | |
| INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

The parties have filed a consent motion to seal documents regarding their settlement (Docs. 60; 60-1; 60-2; 60-3; 62). Doc. 63. The documents the parties wish to seal include an unopposed motion for settlement approval and establishment of a special needs trust (Doc. 60) and the Court's order granting that motion (Doc. 62).[1]

The public enjoys a qualified common-law right of access to judicial proceedings. *See generally Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001). "Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents." *Id.* at 1311 (citation omitted). But this right is not absolute and "may be overcome by a showing of good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Courts deciding whether to seal documents must balance the interest of the parties and the public and may consider, among other factors, "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the

---

[1] "In most cases when the parties settle, the court does not examine or approve their agreements; the settlements are purely private contracts. However, when, as here, a settlement is approved by a court, the settlement becomes part of the judicial record." *Stainaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003).

information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* at 1246; *see also Chicago Tribune*, 263 F.3d at 1311 ("[A] judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to . . . [the] production [of the documents in question]." (citation omitted)).

The parties do not dispute that the documents at issue here are subject to the common-law right of access. However, they contend that these documents contain sensitive information relating to legitimate privacy interests. Courts have sealed settlement agreements and other documents in cases where confidential information about minors would be exposed. *See*, *e.g.*, *Wittenberg v. Winston-Salem/Forsyth Cty. Bd. of Educ.*, 2009 WL 1684585, at *2-*3 (M.D.N.C. 2009); *Webster Groves Sch. Dist. v. Pultizer Pub. Co.*, 898 F.2d 1371, 1374-77 (8th Cir. 1990). But in this case, the parties do not argue that confidential information regarding a minor is at risk.[2] Instead, they argue that the "legitimate privacy reasons" are "the ability of the defendants to resolve other cases (pending and future) and the facts the parties have all agreed to the confidentiality thereof. To allow [these documents] to be public would violate the intent of the parties. Confidentiality is an agreed upon part of [the parties'] settlement agreement."[3]

However, conclusory assertions of possible harm, such as those stated by the parties, do not show good cause. *Romero*, 480 F.3d at 1247. "'The part[ies] opposing disclosure must make a particular and specific demonstration of fact showing that

---

[2] The Plaintiff is the mother and next friend of J.P.G., a minor, and brings this case on his behalf. Docs. 1; 59.

[3] On May 22, 2019, the parties filed their motion to seal documents pertaining to their settlement without providing any legal authority. Doc. 63. The Court asked the parties to provide it with legal authority via email. In their response email, the parties cited *El v. Poff*, 2018 WL 4688720 (S.D. Ga. 2018), which held that parties must show good cause to seal a court document. The parties stated that they have shown good cause because the settlement would affect the Defendants' ability to resolve other cases, and because, without filing their settlement agreement, the parties agreed to keep their settlement confidential.

disclosure would result in an injury sufficiently serious to warrant protection.'" *In re: Photochromic Lens Antitrust Litig.*, 2011 WL 13141945, at *1 (M.D. Fla. 2011) (quoting *In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)). Furthermore, "[i]t is immaterial whether the sealing of the record is an integral part of a negotiated settlement between the parties. . . . Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case . . . [a]bsent a showing of extraordinary circumstances." *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992).

The parties have failed to analyze the balancing test in *Romero* or show that this was an extraordinary circumstance. Balancing the privacy interests provided by the parties—or lack thereof—against the presumption of openness that governs the Court's decision, the Court concludes the parties have failed to overcome the common-law right of access by a showing of good cause. Accordingly, the parties' consent motion to seal the documents (Doc. 63) is **DENIED**.

**SO ORDERED** this __th day of May, 2019

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT